UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHERIN DARVILLE

VERSUS

TURNER INDUSTRIES GROUP, LLC,
ET AL

CIVIL ACTION

NUMBER 13-625-BAJ-SCR

## SCHEDULING ORDER
### (INCLUDING PRETRIAL CONFERENCE AND TRIAL DATES)

A scheduling conference was held on January 16, 2014.

PRESENT   Sherin Darville
          Plaintiff

          Phyllis G. Cancienne
          Christopher G. Morris
          Attorneys for defendants
             Turner Industries Group, LLC
             Turner Industrial Maintenance, LLC

Plaintiff explained the basis for naming Construction and General Laborers Union 1177 and Laborers' International of North America Local 689 as new defendants. Plaintiff asserted that the unions failed to properly represent her in connection with a grievance related to the withholding and payment of union dues.

Plaintiff and counsel for the Turner defendants discussed whether the plaintiff timely pursued a grievance through the union pursuant to the collective bargaining agreement, and whether the plaintiff timely exhausted her remedies before the Equal Employment Opportunity Commission.

C-cv32a;T-:45

The court noted that neither of the union defendants has filed an answer or otherwise made an appearance. The court explained that the plaintiff is responsible for serving the defendants with a summons and the complaint within the time allowed by Rule 4(m), Fed.R.Civ.P., which is 120 days after the complaint was filed. Failure to do so will result in the court dismissing the claims against the unserved defendants.

Plaintiff advised that she not familiar with the Federal Rules of Civil Procedure. The court explained that even though the plaintiff is not represented by counsel, the rules still apply to her and she is still required to comply with them. The court suggested that she could find them online at various web sites or at a public library.

Due to the significant discovery already done, initial disclosures were waived. Counsel for the Turner defendants will send the plaintiff a copy of her previously completed questionnaire and discovery responses.

The court explained to the plaintiff that the scheduling order sets deadlines for completing various tasks related to discovery an motions, but these tasks may be completed before the deadlines. Specifically, the plaintiff was advised that the defendants may file a dispositive motion at any time they believe they have gathered sufficient information to support the motion, and they do not need to wait until the deadline file it.

Considering the information in the Status Report, the following scheduling order is entered pursuant to Rule 16, Fed.R.Civ.P. Expert discovery deadlines are included, even though at this no party intends to rely on expert testimony, since doing so will not affect the overall time needed to complete discovery.

A.  All fact discovery shall be completed and motions to compel fact discovery shall be filed by November 28, 2014.

B.  Motions to amend the pleadings to add new parties or claims shall be filed by February 3, 2014.

C.  Plaintiff shall make the disclosure of persons who may be used at trial to present evidence under Rules 702, 703 or 705, Fed.R.Evid., by September 30, 2014. Defendants shall disclose such persons by October 30, 2014.

D.  Any person who will offer expert testimony for the plaintiff who is required by Rule 26(a)(2)(B), Fed.R.Civ.P., to produce a report shall produce such report by September 30, 2014. Defendants shall produce any required expert reports by October 30, 2014.

E.  Expert discovery, including depositions of expert witnesses, shall be completed by November 28, 2014.

F.  Dispositive motions **and *Daubert* motions** shall be filed by January 15, 2015.

G.  The parties shall file the final pretrial order by May 15, 2015. (Refer to the court's website for the district judge's pretrial order form.)[1]

H.  The final pretrial conference is set for May 28, 2015 at 2:30 p.m., in the chambers of the district judge.

I.  Motions in limine shall be filed by June 5, 2015. Response to motions in limine shall be filed by June 26, 2015.

---

[1] A link to the instructions can be found on the court's internet home page http://www.lamd.uscourts.gov. Strict compliance with these instructions will be required.

J.  The parties shall file an affidavit describing their settlement efforts by July 10, 2015.

K.  Proposed voir dire questions, jury charges, jury interrogatories (verdict form), and trial briefs shall be filed by July 17, 2015.

L.  The case is assigned for a jury trial August 17-19, 2015, at 9:00 a.m. in Courtroom 2.

The time limits set forth in this order shall not be modified except by leave of court upon a showing of good cause. Joint, agreed or unopposed motions to extend scheduling order deadlines will not be granted automatically. All motions to extend scheduling order deadlines must be supported by facts sufficient to find good cause as required by Rule 16, Fed.R.Civ.P. A second and any subsequent motion to extend the scheduling order deadlines must be supported with detailed information describing the discovery already completed, what necessary discovery remains, the parties efforts to complete the remaining discovery by the deadline, and any additional information showing that the parties have diligently pursued their discovery. Motions for reconsideration by the magistrate judge of rulings granting or denying extensions of scheduling order deadlines will be considered as motions under either Rule 59 or Rule 60, Fed.R.Civ.P., depending on when the motion for reconsideration is filed. *See Lavespere v. Niagra Machine Tool Works*, 910 F.2d 167 (5th Cir. 1990), *cert. denied*, 510 U.S. 859, 114 S.Ct. 171 (1993).

**Motions to extend or otherwise change the deadlines in items G - L (pretrial order, pretrial conference, motions in limine, settlement affidavit, voir dire/jury charges/verdict form/trial briefs, and trial date) shall be directed to the district judge.**

Additionally, counsel are to confer promptly to discuss a rational commercial solution to this litigation. Within 15 days of expiration of the discovery deadline in "A" above, plaintiff is to convey to defendants an offer of settlement or inform defendants that no settlement is possible. Defendants are to respond within 15 days from receipt of such offer.

Baton Rouge, Louisiana, January 21, 2014.

							*Stephen C. Riedlinger*
							STEPHEN C. RIEDLINGER
							UNITED STATES MAGISTRATE JUDGE