```
UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA
```

```
SHERIN DARVILLE
                                      CIVIL ACTION
VERSUS
                                      NUMBER 13-625-BAJ-SCR
TURNER INDUSTRIES GROUP, LLC,
ET AL
```

## RULINGS ON MOTIONS
## and
## ORDER EXTENDING TIME TO SERVE CERTAIN DEFENDANTS

Before the court are the following motions filed by plaintiff Sherin Darville:

    Motion for Extension to Respond.  Record document number 13.
    Request of the Court to Intervene or to be the Mediator.
        Record document number 16.
    Motion to Respond to Status Report Issues.  Record document
        number 17.
    Request to Add Laborer Union 1177 [and] Laborer Union 689.
        Record document number 18.

In the Motion for Extension to Respond the plaintiff sought additional time to file court documents because she needs time to learn how to file documents.  Plaintiff did not seek additional time to file any particular document.  The court will not grant a blanket extension of time to file unidentified documents.

In the Request of the Court to Intervene or to be the Mediator the plaintiff noted the defendants' concern about the court having jurisdiction. In her amended complaint the plaintiff included as defendants Construction and General Laborers Union 1177 and

Laborers International of North America Local 689.[1] In her motion the plaintiff explained the factual and jurisdictional basis for the claims against the Laborers Union. But nothing in the motion relates to the court serving as mediator in any dispute between the plaintiff and either of these defendants. Even if the plaintiff had made a formal request for the court to do so, there is no basis for the court to serve as a mediator in a such dispute.

In her Motion to Respond to Status Report Issues the plaintiff responded to an issue identified by the defendants in the Status Report. No action by the court is requested or needed.

In her Request to Add laborers Union 1177 [and] Laborers Union 689 the plaintiff essentially reiterated her purported claims against these entities from the amended complaint, reiterated some of her allegations against them as stated in the Request of the Court to Intervene or to be the Mediator, and added additional allegations. This motion will be treated as a motion for leave to further amend the plaintiff's amended complaint.

As stated in the Scheduling Order, the court noted at the scheduling conference that neither of the union defendants has filed an answer or otherwise made an appearance, and the court explained to the plaintiff that she is responsible for serving the these defendants with a summons and the complaint within the time allowed by Rule 4(m), Fed.R.Civ.P., which is 120 days after the

---

[1] Record document number 3, ¶ 3.

2

Case 3:13-cv-00625-BAJ-SCR   Document 19   03/03/14   Page 2 of 3

complaint was filed. Failure to do so may - and usually does - result in the court dismissing the claims against the unserved defendants. Plaintiff has still not served these defendants and the time to do so has expired.

Accordingly, the plaintiff's Motion for Extension to Respond, Request of the Court to Intervene or to be the Mediator, and her Motion to Respond to Status Report Issues are denied. Plaintiff's Request to Add Laborer Union 1177 [and] Laborer Union 689, treated as a motion for leave to amend the amended complaint, is granted.

IT IS FURTHER ORDERED that, pursuant to Rule 4(m), Fed.R.Civ.P., the plaintiff is granted until April 3, 2014 to serve defendants Construction and General Laborers Union 1177 and Laborers International of North America Local 689 with a summons, her amended complaint, the Request to Add Laborer Union 1177 [and] Laborer Union 689, and this order. **Failure to do so may result in dismissal of the plaintiff's claims against these defendants without further notice.**

Baton Rouge, Louisiana, March 3, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

3

Case 3:13-cv-00625-BAJ-SCR   Document 19   03/03/14   Page 3 of 3