UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHERIN DARVILLE

VERSUS

TURNER INDUSTRIES GROUP,
LLC, ET AL.

CIVIL ACTION

NO. 13-625-BAJ-SCR

RULING AND ORDER

Before the Court is a **Motion to Dismiss Plaintiff's Claims with Prejudice, (Doc. 34),** filed by Defendant Turner Industries Group, LLC ("Turner"), seeking involuntary dismissal with prejudice of Plaintiff Sherin Darville's ("Darville") employment discrimination, retaliation, unsafe work environment, and tort action, pursuant to the Court's inherent authority and Federal Rule of Civil Procedure ("Rule") 41(b). Darville has not opposed Turner's motion. Oral argument is not necessary. Jurisdiction is proper pursuant to 28 U.S.C. § 1331. For the reasons stated below, Turner's **Motion to Dismiss Plaintiff's Claims with Prejudice (Doc. 34) is DENIED.**

I. Background

   A. Darville's Allegations and Turner's Response

Darville's Amended Complaint avers that she is an African-American female and former employee of Turner Industries who suffered discrimination in hiring, discipline, treatment, and termination based on her race and sex while working for

1

Turner, intermittently and in different capacities, between April 1996 and May 2011. (Doc. 3). Darville also makes unspecified allegations of defamation, "wrongful injur[y]," unsafe work environment, and retaliation. (Doc. 3 at p. 3-4).

In its Answer, Turner states that it employed Darville, in various positions and intervals, between April 1996 and October 2011. (Doc. 6 at p. 2-3). However, Turner denies the substantive allegations in Darville's Amended Complaint, and asserts a number of legal and equitable defenses. (Doc. 6).

B. **Relevant Procedural History**

This action was initiated in Texas on January 30, 2011, and the claims of its 216 original, individual plaintiffs were transferred to this Court on July 31, 2011. (Doc. 34-1 at p. 2). On September 20, 2013, Darville was one of twelve plaintiffs whose claims were severed into individual and separate civil actions by court order. (Doc. 2). Darville filed an Amended Complaint, consisting of the Court's standard Amended Complaint form and two attachments, on October 24, 2013. (Doc. 3). Turner filed its answer on November 21, 2013. (Doc. 6). The Court granted Darville's requests (Docs. 4 & 5) to proceed *in forma pauperis* as to future court costs on November 25, 2013. (Doc. 8).

The Court originally set a fact discovery deadline of November 28, 2014. (Doc. 12). Turner filed a Motion to Compel on May 1, 2014 (Doc. 28), citing Darville's deficient response to its discovery request; the Court issued an order ("discovery order") granting the Motion to Compel on July 25, 2014 (Doc. 31). On November 21, 2014, Turner filed a Motion for Extension of Fact Discovery Deadline,

citing Darville's failure to comply with the discovery order and respond to pending motions. (Doc. 35 at ¶ 3). Turner requested an additional sixty days to "permit Turner to obtain Plaintiff's response to the Discovery Order . . ." and conduct Darville's deposition. (*Id.*). Similarly, on December 17, 2014, Darville's new attorney requested an additional sixty days to respond to the outstanding discovery request. (Docs. 37 & 38). The Court granted Turner's motion for an additional sixty days to complete fact discovery on December 19, 2014, and directed Darville to fully comply with the ruling granting Turner's Motion to Compel by January 9, 2015. (Doc. 39). However, the Court additionally found that Darville had not shown good cause as to why her fact discovery deadline should be extended. (*Id.*).

## II. <u>Standard of Review</u>

Under Rule 41, a court may, on a defendant's motion, dismiss a plaintiff's action or any of her claims for want of prosecution or failure to comply with the Rules or a court order. Fed. R. Civ. P. 41(b). Such a dismissal generally operates as an adjudication on the merits, unless the court's dismissal states otherwise. *Id.* The U.S. Court of Appeals for the Fifth Circuit has characterized an involuntary dismissal with prejudice as "the ultimate sanction," and instructed that it should only be used in the "most egregious," "most flagrant," and "extreme" circumstances. *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985); *Ramsey v. Signal Delivery Serv., Inc.*, 631 F.2d 1210, 1214 (5th Cir. 1980); *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 212 (5th Cir. 1976). Dismissal with prejudice is a

3

"severe sanction" that "should be applied infrequently, and only when it is justified by extreme delay." *Ramsey*, 631 F.2d at 1214.

A dismissal with prejudice should only be granted 1) "upon a 'clear record of delay or contumacious conduct by the plaintiff'" and 2) when the best interests of justice would not be served by lesser sanctions. *Callip*, 757 F.2d at 1519; *see also Thanksgiving Tower Partners v. Anros Thanksgiving Partners*, No. 92-1209, 1993 WL 35716, at *8 (5th Cir. Feb. 5, 1993) (unpublished, but persuasive) ("In addition to finding a pattern of delay or contumacious conduct, the district court must find that lesser sanctions were or would be ineffective."). In addition to these two requisite factors, aggravating factors should be present including: 1) delay directly attributable to the plaintiff, instead of the plaintiff's attorney, 2) "actual prejudice to the defendant," and 3) "delay caused by intentional conduct." *Callip*, 757 F.2d at 1519 (stating that "one or more" of the three aggravating factors should be present); *see also Webb v. Morella*, 457 F. App'x 448, 453 (5th Cir. 2012) (unpublished, but persuasive) (stating that "at least one of three aggravating factors" should be present); *Holden v. Ill. Tool Works, Inc.*, 429 F. App'x 448, 453 (5th Cir. 2011) (unpublished but persuasive) (stating that "several aggravating factors" should be present to "bolster[]" the requisite factors).

III. <u>Analysis</u>

  A. <u>The First Factor: Delay or Contumacious Conduct</u>

The Court must first determine whether the record in this case demonstrates that Darville has clearly exhibited contumacious conduct or a pattern of delay. The Fifth Circuit has stated that "contumacious conduct" is "not a party's negligence—regardless of how careless, inconsiderate, or understandably exasperating—that makes conduct contumacious; instead, it is 'the stubborn resistance to authority' which justifies a dismissal with prejudice." *McNeal v. Papasan*, 842 F.2d 787, 792 (5th Cir. 1988) (quoting *John v. Louisiana*, 828 F.2d 1129, 1131–32 (5th Cir. 1987)). Moreover, the Fifth Circuit has stated that most cases in which a clear record of delay or contumacious conduct was established involved a plaintiff who failed to comply with two or three orders or rules of the district court, not a failure to comply with scheduling and other pretrial orders and rules. *Callip*, 757 F.2d at 1520–21 & n.10 (affirming the district court's dismissal of a case with prejudice under Rule 41(b) for want of prosecution after plaintiff's counsel's conduct resulted in delay "at every stage of the proceedings . . . .").

The Court's local rules require that each respondent opposing a motion file a response to the motion within 21 days after service, unless upon a party's written motion, the Court finds good cause to shorten or extend the deadline. LR 7.4. The Fifth Circuit has not approved the automatic grant of motions that are dispositive of litigation on the ground that the nonmoving party failed to comply with local rules that require a party to file a response to an opposed motion. *John v. Louisiana (Bd.*

5

*of Trs. for State Colls. & Univs.)*, 757 F.2d 698, 709 (5th Cir. 1985) (reversing the district court's grant of the defendants' summary judgment motion because "summary judgment cannot be supported solely on the ground that [the plaintiff] failed to respond to defendants' motion for summary judgment," notwithstanding the court's adoption of a local rule that allowed the court to grant the motion); *see also Johnson v. Pettiford*, 442 F.3d 917, 918-919 (5th Cir. 2006) (vacating and remanding the district court's dismissal with prejudice of the pro se plaintiff's petition, notwithstanding the court's adoption of a local rule that allowed the dismissal on the ground that the plaintiff did not timely respond to the defendant's motion to dismiss); *Ramsey*, 631 F.2d at 1214 (vacating and remanding the district court's dismissal with prejudice of the plaintiff's action on the ground that the plaintiff did not respond to the defendant's motion to dismiss, notwithstanding the court's adoption of a local rule that considered failure to respond to a motion an indication "that there is no opposition to the motion" and allowed the dismissal). In addition, Local Rule 7.4 explicitly states neither a sanction for noncompliance nor that a party is required to oppose every motion. *See* LR 7.4.

The record establishes some delay in the progress of the proceedings due to Darville's conduct, but does not demonstrate a clear record of the type of "stubborn resistance to authority" that is the hallmark of contumacious conduct. Turner cites three examples of Darville's noncompliance with the Court's orders and local rules as examples of contumacious conduct: Darville's failure to respond to Turner's Motion to Compel (Doc. 28); her extended delay in complying with the Court's

Ruling granting Turner's Motion to Compel (Doc. 31); and her failure to respond to Turner's Motion for Sanctions and/or Civil Contempt of Court (Doc. 33). (Doc. 34-1 at p. 1–2).[1] The local rules do not require that Darville oppose any motion, but she fails to do so at her own peril because she is still subject to the Court's orders regarding these motions. *See Maness v. Meyers*, 419 U.S. 449, 458 (1975) ("[A]ll orders and judgments of courts must be complied with promptly."). Given that the local rules allow a motion to remain unopposed, Darville's failures to oppose Turner's Motion to Compel and its Motion for Sanctions and/or Civil Contempt of Court indicate a lack of responsiveness, but do not demonstrate a clear record of a "stubborn resistance to authority" and are insufficient grounds for a dispositive and sparingly ordered sanction of involuntary dismissal with prejudice.[2]

Darville's failure to comply promptly with the Court's ruling granting Turner's Motion to Compel Discovery (Doc. 31), and the resultant delay are serious matters worthy of sanction, but are also not sufficient grounds to order an involuntary dismissal with prejudice. As previously noted, the Court initially set a fact discovery deadline for all parties of November 28, 2014. (Doc. 12 at p. 3). Darville failed to participate in discovery (Doc. 31 at p. 2–4), and failed to comply with the Court's order granting Turner's Motion to Compel Discovery (Doc. 34-1 at p. 1). The Court later found that Darville had not shown good cause as to why her

---

[1] To date, Darville has also failed to respond to this motion to dismiss (Doc. 34), and Turner's Supplemental Motion for Sanctions (Doc. 44) that Turner filed after the motion to dismiss, but before the Court issued this ruling. Upon Darville's motion, the Magistrate Judge has extended Darville's deadline to respond to Turner's Supplemental Motion for Sanctions (Doc. 44) until February 20, 2015 (Doc. 47).
[2] Logically, the same holds true for Darville's failures to date to respond to this motion to dismiss (Doc. 34), and the Supplemental Motion for Sanctions (Doc. 44).

7

fact discovery deadline should be extended, and declined to do so. (Doc. 39 at p. 2). Accordingly, Turner now has until February 17, 2015 to complete fact discovery, but Darville cannot conduct additional fact discovery. (*Id.*).

As such, Turner received more than the additional sixty days it requested to complete discovery, and the ultimate delay caused by Darville's failure to comply with the Court's discovery order was about three months. Although serious, Darville's noncompliance with a single pretrial order which resulted in a delay of three months is not "extreme" enough to warrant the "ultimate sanction" of an involuntary dismissal of her action with prejudice. *See Thanksgiving Tower Partners*, 1993 WL 35716, at *5 (reversing and remanding a district court's involuntary dismissal under Rule 41(b) because the district court largely relied on the party's violation of a single court order). This is especially true given that Darville has since timely complied with the extended deadline for the Court's discovery order (Docs. 41 & 42),[3] and that Turner's motions for sanctions and civil contempt remain pending (Docs. 33 & 44).

The Court finds that Darville's conduct, although "careless, inconsiderate, [and] understandably exasperating," does not evidence "the stubborn resistance to authority" that characterizes contumacious conduct and justifies an involuntary dismissal of her action with prejudice.[4] *See McNeal*, 842 F.2d at 792.

---

[3] Darville's counsel filed a response to Turner's Second Set of Interrogatories (Doc. 41), and a Response to Request for Production (Doc. 42) on January 9, 2015. To date, Turner has not filed any motion indicating that Darville's responses were deficient.

[4] Darville was, until recently, a pro se plaintiff. "[T]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Yazdchi v. Am. Honda Fin. Corp.*, 217 F. App'x 299, 304 (5th Cir. 2007) (unpublished, but persuasive) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991)). In addition, "[t]hose who venture into federal

8

## B. <u>The Second Factor: The Best Interests of Justice</u>

The second issue the Court must decide is whether a lesser sanction than involuntary dismissal with prejudice of Darville's action would meet the best interests of justice and would be effective. Possible lesser sanctions include stay, dismissal, and reinstatement; award of attorney's fees; assessment of fines, costs, or damages; fining the party or disciplining the attorney; warning; or conditional reinstatement. *Thanksgiving Tower Partners*, 1993 WL 35716, at *8. A court may issue the "lenient sanction" of providing the plaintiff with additional chances after a procedural default, which may then justify dismissal with prejudice if the court's leniency is met with further default. *Callip*, 757 F.2d at 1521.

---

court without the assistance of counsel cannot . . . be permitted to enjoy much or protracted advantage by reason of that circumstance." *Id.* (quoting *Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir. 1986)). However, courts extend more leniencies to pro se litigants. *Id.* It is not the case here that Darville has indicated that she has no intention of complying with the Court's orders or the discovery process, or that she was warned in advance that noncompliance with the Court's ruling granting Turner's Motion to Compel could result in a Rule 41(b) dismissal of her entire action. *Cf. Doe v. Am. Airlines*, 283 F. App'x 289, 292 (5th Cir. 2008) (unpublished, but persuasive) (affirming the district court's dismissal of the pro se plaintiff's claims, with prejudice, because the plaintiff failed to comply with the Magistrate Judge's discovery order, and indicated that she would continue to refuse to comply with the court's discovery mandates, despite multiple warnings that such conduct could result in the possible dismissal of her claims). To the contrary, Darville requested additional time to file documents and stated in her request that she was "by no means willfully disobeying court rules or the Judges [sic] orders." (Doc. 13). The Court denied Darville's request because, although she requested additional time, she did not specify which document she needed an extension of time to file; the Court understandably refused to grant "a blanket extension of time to file unidentified documents." (Doc. 19 at p. 1). However, Darville has since timely complied with the extended deadline for the Court's discovery order, (*see supra* note 3 and accompanying text). As such, the Court is satisfied that denying the "ultimate sanction" of involuntary dismissal at this time extends to Darville the appropriate amount of leniency. *But see Johnson v. Dep't of Pub. Safety & Corr.*, Civil Action No. 10-3910, 2011 WL 579199, at *1 (E.D. La. Feb. 8, 2011) (adopting the Magistrate Judge's recommendation to dismiss a pro se plaintiff's action with prejudice under Rule 41(b) because the plaintiff failed to respond to three orders issued by the Magistrate Judge); *Maloney v. State Farm Fire & Cas. Co.*, Civil Action No. 06-9183-MLCF-S, 2008 WL 1850774, at *1 (E.D. La. Apr. 23, 2008) (adopting the Magistrate Judge's recommendation to dismiss a pro se plaintiff's action with prejudice under Rule 41(b) because the plaintiff failed to respond to two court orders from the Magistrate Judge, including a warning that her action may be dismissed with prejudice).

Here, the Court has issued a lesser sanction in response to Darville's failure to comply with the discovery order, and it has been effective. As previously discussed, the Court found that Darville had not shown good cause as to why her fact discovery deadline should be extended. (Doc. 39 at p. 2). As a result, Turner may now complete fact discovery by February 17, 2015, but Darville's fact discovery deadline has not been extended and she cannot conduct additional fact discovery. (*Id.*). This lesser sanction was an appropriate response by the Magistrate Judge to Darville's delay in heeding the discovery order. The lesser sanction also prompted Darville to file the delinquent discovery documents in accordance with the extended deadline. (Docs. 41 & 42). The Court finds that the best interests of justice have been served by the lesser sanction, and the additional and severe sanction of involuntary dismissal with prejudice is not required.

## IV. Conclusion

The Court finds that although Darville's actions resulted in a delay in the progress of the proceedings, no clear record of contumacious conduct is present. Beyond that, the Court finds that the lesser sanction issued by the Magistrate Judge was both effective and in the best interests of justice. As neither of the requisite factors for an involuntary dismissal with prejudice of Darville's action have been met, a review of the record for the presence of aggravating factors is not necessary.

Accordingly,

IT IS ORDERED that Defendant Turner Industries Group, LLC's **Motion to Dismiss Plaintiff's Claims with Prejudice (Doc. 34) is DENIED.**

Baton Rouge, Louisiana, this \_\_\_20th\_\_\_ day of February, 2015.

*[signature]*

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA