UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHERIN DARVILLE                                              CIVIL ACTION

VERSUS

TURNER INDUSTRIES GROUP,
LLC, ET AL.                                                  No. 13-625-BAJ-SCR

## RULING AND ORDER

Before the Court are a **Motion to Set Aside Sanctions and to Seek Review by District Judge (28 USC s 636 (B) (1) (C) (B)) [sic] (Doc. 51)**, a **Motion for Designation of Case as Complex Litigation (Doc. 57)**, a **Motion for Continuance of Summary Judgement [sic] and Opposition to Summary Judgement [sic] (Doc. 59)**, and a **Motion for Continuance of Summary Judgment and Opposition to Summary Judgement [sic] (Doc. 66)**, filed by Plaintiff Sherin Darville. These motions seek to (1) set aside evidentiary and financial sanctions imposed upon Darville by the Magistrate Judge, (2) designate Darville's civil action as "complex litigation," and (3) move the Court to defer ruling on Defendant Turner Industries Group, LLC's ("Turner Industries") **Motion for Summary Judgment (Doc. 54)**, also pending before this Court.

Turner Industries has opposed Darville's motions to set aside sanctions (Doc. 55), her motion to designate the action as "complex litigation" (Doc. 65), and her motion to defer ruling on Turner Industries' summary judgment motion (Doc. 61).[1]

---

[1] Turner Industries originally filed its opposition to Darville's motion to defer ruling on Turner Industries' summary judgment motion (Doc. 61) in response to a motion by Darville that has since, upon

1

JURY

Darville has opposed Turner Industries' summary judgment motion. (Docs. 59, 66). Oral argument on the motion to set aside sanctions (Doc. 51) and the first motion to continue summary judgment (Doc. 59) was held on April 23, 2015. (Doc. 62). Jurisdiction is proper pursuant to 28 U.S.C. § 1331.

For the reasons stated below, Darville's **Motion to Set Aside Sanctions and to Seek Review by District Judge (28 USC s 636 (B) (1) (C) (B)) [sic] (Doc. 51)**, **Motion for Designation of Case as Complex Litigation (Doc. 57)**, **Motion for Continuance of Summary Judgement [sic] and Opposition to Summary Judgement [sic] (Doc. 59)**, and **Motion for Continuance of Summary Judgment and Opposition to Summary Judgement [sic] (Doc. 66)** are **DENIED**. Turner Industries' **Motion for Summary Judgment (Doc. 54)** is **GRANTED**.

I.  **BACKGROUND**

   A.  **Darville's Allegations and Turner's Answer**

Darville's Amended Complaint avers that she is an African-American female and former employee of Turner Industries who suffered discrimination in hiring, discipline, treatment, and termination based on her race and sex while working for Turner Industries, intermittently and in different capacities, between April 1996 and

---

Darville's motion (Doc. 58), been stricken from the record. Darville subsequently filed two, almost identical, motions, also requesting a "continuance" of Turner Industries' summary judgment motion. (Docs. 59, 66). These two motions are among the motions under consideration here, and the Court has reviewed Turner Industries' opposition to Darville's stricken motion as its response to the corresponding motions here.

May 2011. (Doc. 3). Darville also makes unspecified allegations of defamation, "wrongful injur[y]," unsafe work environment, and retaliation.[2] (Doc. 3 at p. 3-4).

In its Answer, Turner Industries admitted that it employed Darville, in various positions and intervals, between April 1996 and October 2011. (Doc. 6 at p. 2-3). However, Turner Industries denies the substantive allegations in Darville's Amended Complaint, and asserts a number of legal and equitable defenses. (Doc. 6).

### B. Procedural History

This action was originally filed in the Eastern District of Texas on January 30, 2011 with 216 individual plaintiffs. (Doc. 34-1 at p. 2). The action was transferred to this Court on July 13, 2011. *See Taylor v. Turner Industries Group, LLC*, 3:11-cv-00471-BAJ-SCR, Doc. 41. On September 20, 2013, Darville was one of twelve original plaintiffs in the *Taylor* action whose claims were severed into individual and separate civil actions by court order. (Doc. 2). In electing to sever her claims from the *Taylor* lawsuit, Darville was repeatedly advised of her responsibilities to the Court as an individual plaintiff. On August 7, 2013, Darville appeared before the undersigned and was advised that while she could not be forced to proceed as a plaintiff in the larger *Taylor* lawsuit and could file an individual lawsuit, to do so without the guidance of counsel may be perilous to her action. (*Taylor*, Doc. 271). In the August 29, 2013 settlement conference, the Magistrate Judge informed Darville of the implications of proceeding with her claims as an unrepresented individual plaintiff. (*Taylor*, Doc. 281). In addition, the undersigned again advised Darville, in open court on September

---

[2] Darville does not argue these claims in any motion or response subsequent to the Amended Complaint, apparently choosing to focus on only her race and sex discrimination claims. As such, the Court does not address these claims here as it recognizes that Darville has ceded these claims.

3

12, 2013, of the implications of proceeding *pro se* with her separate claim. (*Taylor*, Doc. 288). At that time, the undersigned counseled Darville to secure the assistance of an attorney, and advised her of the necessity of meeting court deadlines and obeying court orders as a *pro se* plaintiff. *(Id.)*

Darville filed an Amended Complaint, consisting of the Court's standard Amended Complaint form and two attachments, on October 24, 2013. (Doc. 3). Turner Industries filed its answer on November 21, 2013. (Doc. 6). The Court granted Darville's requests (Docs. 4, 5) to proceed *in forma pauperis* as to future court costs on November 25, 2013. (Doc. 8).

The Court originally set a fact discovery deadline of November 28, 2014. (Doc. 12). Turner Industries filed a Motion to Compel on May 1, 2014 (Doc. 28), citing Darville's deficient response to its discovery request; the Magistrate Judge issued an order ("discovery order") granting the Motion to Compel on July 25, 2014. (Doc. 31). Turner Industries then filed a motion seeking sanctions and/or to have Darville held in civil contempt of court on August 22, 2014, citing Darville's noncompliance with the discovery order. (Doc. 33). On November 21, 2014, Turner Industries filed a Motion for Extension of Fact Discovery Deadline, citing Darville's failure to comply with the discovery order and to respond to pending motions. (Doc. 35 at ¶ 3). Turner Industries requested an additional sixty days to "permit Turner to obtain Plaintiff's response to the Discovery Order . . ." and conduct Darville's deposition. (*Id.*). Similarly, on December 17, 2014, Darville's new attorney requested an additional sixty days to respond to the outstanding discovery request. (Docs. 37, 38). The Magistrate Judge granted Turner Industries' motion for an additional sixty days to complete fact

4

discovery on December 19, 2014, and directed Darville to fully comply with the ruling granting Turner Industries' Motion to Compel by January 9, 2015. (Doc. 39). However, the Magistrate Judge additionally found that Darville had not shown good cause as to why her fact discovery deadline should be extended, and declined to do so. (*Id.*).

On January 9, 2015, Darville filed two responses to Turner Industries' requests for production (Docs. 41, 42). The documents were styled "Turner Industries Group, LLC's Second Set of Interrogaties [sic] to Shevin [sic] Darville" (Doc. 41) and "Response to Request for Production" (Doc. 42). Turner Industries filed a motion on January 15, 2015 for an extension of time to file Daubert and dispositive motions, averring that parts of the discovery response were incomplete and untimely, and that the parties were still in the process of setting a deposition date for Darville. (Doc. 43 at p. 1). Turner Industries also filed a motion for supplemental sanctions on January 23, 2015. (Doc. 44). On January 27, 2015, the Magistrate Judge granted Turner Industries' request for additional time to file Daubert and dispositive motions. (Doc. 47). Similarly, Darville filed a motion requesting additional time to respond Turner Industries' sanctions motions on February 3, 2015. (Doc. 46). The Magistrate Judge granted Darville's request on the next day, allowing Darville until February 20, 2015 to respond to the sanctions motions. (Doc. 47). Darville failed to respond to Turner Industries' sanctions motions until February 23, 2015 (Doc. 50), *after* the Magistrate Judge issued a ruling (Doc. 49) granting the motions by imposing evidentiary and financial sanctions against Darville and certifying the facts supporting a finding of civil contempt of court to the district court.

On March 10, 2015, Darville filed the instant motion (Doc. 51) moving the District Court to set aside the sanctions issued on February 23, 2015 (Doc. 49). Turner Industries opposed this motion on March 24, 2015. (Doc. 55). Earlier, on March 16, 2015, Turner Industries also moved for summary judgment. (Doc. 54). Darville then filed a motion to designate this action as "complex litigation" on April 9, 2015 (Doc. 57), which Turner Industries opposed on April 20, 2015 (Doc. 65). Darville also filed two motions seeking "continuance[s]" of and opposing Turner Industries' summary judgment motion on April 10, 2015 and April 20, 2015. (Docs. 59, 66). Turner Industries opposed these motions on April 13, 2015.[3] (Doc. 61).

## II. STANDARD OF REVIEW

### A. Motion to Set Aside Sanctions

Federal Rules of Civil Procedure ("Rule") 37(b)(2) empowers a district court to impose "just" sanctions on a party who fails to comply with a discovery order. Fed. R. Civ. P. 37(b)(2); *Yazdchi v. Am. Honda Fin. Corp.*, 217 F. App'x 299, 302 (5th Cir. 2007) (unpublished, but persuasive). "District [c]ourts have broad discretion in determining whether to impose a sanction under Rule 37 and, if so, what sanction to impose." *SEC v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 664-65 (5th Cir. 1981). Rule 37(b)(2) "contains two standards—one general and one specific—that limit a district court's discretion." *Compaq Computer Corp. v. Ergonome Inc.*, 387 F.3d 403, 413 (5th Cir. 2004) (quoting *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 707 (1982)). First, the sanction must be "just." *Id.* Second, the

---

[3] *See* supra, note 1.

sanction "must be specifically related to the particular 'claim' which was at issue in the order to provide discovery." *Id.*

## B. Motions to Defer Consideration of the Motion for Summary Judgment

The U.S. Court of Appeals for the Fifth Circuit has instructed that "Rule 56 does not require that any discovery take place before summary judgment can be granted; if a party cannot adequately defend such a motion, Rule 56[(d)] is [the] remedy." *Ferrant v. Lowe's Home Ctrs., Inc.*, 494 F. App'x 458, 463 (5th Cir. 2012) (quoting *Washington v. Allstate Ins. Co.,* 901 F.2d 1281, 1285 (5th Cir.1990)). A party must be given a full and fair opportunity to discover information essential to its opposition to summary judgment. *See Winfrey v. San Jacinto Cnty.*, 481 F. App'x 969, 982 (5th Cir. 2012) (citing *Access Telecom, Inc. v. MCI Telecomms. Corp.,* 197 F.3d 694, 720 (5th Cir.1999)) (unpublished, but persuasive). Rule 56(d) allows nonmovants on summary judgment to identify and request discovery of such information "by affidavit or declaration." *Id.* In response, "the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d)(1)–(3).

As such, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," a court may postpone ruling on a summary judgment motion or allow time for additional discovery. Fed. R. Civ. P. 56(d); *Agee v. City of McKinney, Tex.*, 593 F. App'x 311, 313 (5th Cir. 2014) (unpublished, but persuasive). Rule 56(d) motions are "broadly favored and should be liberally granted." *Sapp v. Mem'l Hermann Healthcare Sys.*, 406 F. App'x

7

866, 870 (5th Cir. 2010) (unpublished, but persuasive). However, a nonmovant requesting Rule 56(d) relief "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." *Am. Family Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (quoting *SEC v. Spence & Green Chem. Co.,* 612 F.2d 896, 901 (5th Cir.1980)). A party seeking a Rule 56(d) deferral must (1) have diligently pursued the discovery, and (2) "must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Agee*, 593 F. App'x at 313 (citing *Wichita Falls Office Assocs. v. Banc One Corp.,* 978 F.2d 915, 919 (5th Cir.1992) and quoting *Raby v. Livingston,* 600 F.3d 552, 561 (5th Cir.2010)) (internal quotation marks omitted).

### C. Motion for Summary Judgment

Pursuant to the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the movant is entitled to summary judgment, the court views the facts in the light most favorable to the nonmovant and draws all reasonable inferences in the nonmovant's favor. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

After a proper motion for summary judgment is made, the non-movant "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (internal citations omitted). At this stage, the

court does not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059 (1992). However, if "the evidence in the record is such that a reasonable jury, drawing all inferences in favor of the non-moving party, could arrive at a verdict in that party's favor," the motion for summary judgment must be denied. *Id.* at 1263.

On the other hand, the nonmovant's burden is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (internal quotations omitted). Summary judgment is appropriate if the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, summary judgment will lie only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Sherman v. Hallbauer*, 455 F.2d 1236, 1241 (5th Cir. 1972).

### III. ANALYSIS

#### A. Motion to Set Aside the Magistrate Judge's Sanctions Order

First, the Court will decide Darville's motion to set aside the two sanctions and the certification of facts for civil contempt of court issued by the Magistrate Judge. (Doc. 51). Turner Industries filed two motions requesting sanctions against Darville (Docs. 33, 44) for her failure to comply with the Court's ruling compelling discovery

(Doc. 31). In granting Turner Industries' motions, the Magistrate Judge imposed two sanctions. First,:

> [The Court] prohibit[ed] the plaintiff from offering in evidence against the defendant at the trial or in connection with any motion, any statement made by the plaintiff or any co-employee, including any supervisor, during any conversation with the plaintiff or at any meeting or other gathering where the plaintiff was present even if the plaintiff was not the subject of the meeting or gathering and even if the plaintiff herself made no statement at the meeting or gathering. This limitation [was] intended to broadly encompass any statement by the plaintiff and any co-employee, including supervisors, made in circumstance where the statements could have been recorded.

(Doc. 49 at p. 4–5). Second, the Magistrate Judge found that Turner Industries was entitled to an award of $1000 for reasonable expenses incurred in bringing their sanctions motions. (*Id.* at p. 5). In addition, the Magistrate Judge certified to the District Judge that Darville was noncompliant with the ruling compelling discovery, and that she should be ordered to appear before the District Judge to show cause why she should not be adjudged in contempt of court.( *Id.* at p. 6–7). Darville filed a motion to set aside the sanctions, arguing that she responded to Turner Industries' request for documents in two installments, and that the sanctions were invalid because the Magistrate Judge did not have the consent of the parties to hear the case. (Doc. 51 at p. 1–3). Turner Industries responded that Darville's motion to set aside was untimely, that the parties' consent was not required in order for the Magistrate Judge to impose sanctions, and that the sanctions were appropriate. (Doc. 55).

District courts have "broad discretion" in identifying and imposing sanctions for noncompliance with a discovery order. *See* discussion *infra* Part II.A. However, the sanctions must be "just" and specifically related to the particular claim at issue. *Id.*

Pursuant to the authority granted him under statute, the Magistrate Judge made a ruling in a pretrial matter pending before the Court; the parties' consent was not required. *See* 28 U.S.C. § 636(b)(1)(A). Not only was Darville's Motion to Set Aside Sanctions untimely filed,[4] its arguments are insufficient. In extending the fact discovery deadline, the Magistrate Judge ordered the plaintiff to "fully comply with the Ruling on Motion to Compel Discovery by January 9, 2015." (Doc. 39 at p. 3). Yet Darville's purported compliance with the discovery order was incomplete by the deadline.[5] Darville filed two documents on January 9, 2015. (Docs. 41, 42). In one of the documents, Darville admitted to destroying, however inadvertently, recordings specifically commanded in the discovery order. (Doc. 42 at p. 1) ("Plaintiff states that tape player with tape was washed in washing machine and want [sic] play.").

---

[4] As noted by Turner Industries, Darville had fourteen days after service with the Magistrate Judge's ruling to file written objections as provided by the Court's local rules. 28 U.S.C. § 636(b)(1); (Doc. 55 at p. 1–2). Rule 6 states that when computing any time period specified in any statute that does not specify a method of computing time, and when the period is stated in days or a longer unit of time, the Court is to "exclude the day of the event that triggers the period." Fed. R. Civ. P. 6(a)(1)(A). The Magistrate Judge's ruling granting sanctions was filed on February 23, 2015. (Doc. 49). Therefore, excluding the day the ruling was filed, Darville's fourteen days to file objections began on February 24, 2015 and ended on March 9, 2015. Darville filed her Motion to Set Aside Sanctions and to Seek Review by District Judge (28 USC s 636 (B) (1) (C) (B)) on March 10, 2015. (Doc. 51).

[5] The Magistrate Judge's discovery order required that Darville:

> (1) provide a formal response to the defendant's Second Requests for Production, from which it can ascertain which materials the plaintiff has produced in response to which requests;
> (2) certify that she has produced, and not withheld, all responsive documents in her possession;
> (3) provide the defendant with a copy of all recordings in her possession regarding her employment with Turner or the allegations in this lawsuit, whether video or audio, and allow it to make copies of the original photographs the plaintiff contends are relevant to any issue in this case; and,
> (4) provide her answers to the defendant's Second Set of Interrogatories, with each interrogatory answered separately and fully, without objections, in writing, under oath (or declaration under penalty of perjury), and signed by her.

(Doc. 31 at p. 5–6) (footnotes omitted).

Further, her Motion to Set Aside Sanctions states that she "twice responded to request for documents on January 13, 2015 and February 24, 2013." (Doc. 51 at ¶ 2). However, even assuming that these productions contained all of the required documents, both of these responses were submitted after the January 9, 2015 deadline established by the Magistrate Judge. In addition, Darville did not file the required certification that she had produced all the documents described in the discovery order in her possession until March 10, 2015.[6] (Doc. 51-1).

The Court finds that the sanctions issued by the Magistrate Judge were directly, narrowly, and appropriately tailored to Darville's violations of the discovery order. The evidentiary sanction is designed to prevent Darville from entering into evidence any statements that may have been on the recordings—specifically commanded in the Court's discovery order—that she destroyed. The financial sanction reasonably reimburses Turner Industries for the costs it incurred in seeking sanctions because of Darville's violations of the discovery order.[7] However, the Court concludes that these sanctions are appropriate consequences for Darville's failure to comply with the discovery order.

### B. Motion to Designate Darville's Action as Complex Litigation

Second, the Court will review Darville's motion to designate her action as complex litigation. (Doc. 57). The trial court's managerial power has been described

---

[6] The certification was signed and dated by Darville's attorney on February 3, 2015, but was not filed with the Court until March 10, 2015. (Doc. 51-1 at p. 2).

[7] Darville's failure to comply with the discovery order caused the Court and the parties to incur numerous associated costs, including the costs of the services of a court reporter and the attorneys' time. As such, the Court views the $1000 financial sanction imposed upon Darville by the Magistrate Judge to be exceedingly conservative.

as "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1012 (5th Cir. 1977) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Rule 16 expressly authorizes a judge reviewing complex litigation to "adopt[] special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems . . . . " Fed. R. Civ. P. 16(c)(2)(L); *see also* MANUAL FOR COMPLEX LITIGATION (FOURTH) § 10.1 (2004) (explaining that this text of Rule 16, since renumbered, "specifically addresses complex litigation").

It is unclear exactly what effect "designat[ion]" as "complex litigation" Darville expects will have in this action,[8] although she does allude to an assertion that this action was originally part of a larger class action,[9] and request that she be allowed to use facts and "information or [sic] widespread pattern of discrimination" from the original suit. (Doc. 57 at ¶¶ 2, 9, 10). She further states that "on the issue of punitive damages, commonality of issues and parties are relevant." (*Id.* at ¶ 11).

Under any circumstance, the Court declines to "designate" this action as "complex." As Darville's case was severed from the original action in September 2013,

---

[8] In filing the motion, Darville specifically cites the Speedy Trial Statute, 18 U.S.C. § 3161 *et seq*. as an authorizing statute. (Doc. 57). The Speedy Trial Statute allows a court, after considering several factors including the complexity of the case, to grant a continuance in a *criminal* case without violating the statute's prescribed time frames, if the judge finds "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7). However, as Darville has filed a *civil* action against Turner Industries, this statute does not apply.

[9] The original action was not certified as a class action. *See Taylor v. Turner Industries Group, LLC*, 3:11-cv-00471-BAJ-SCR (settled case).

it is now primarily an employment discrimination action involving a single plaintiff and a single defendant. The passage of time since Darville was employed by Turner Industries may present some proof problems, but any such problems have only been exacerbated by Darville's continual frustration of the discovery process over the last 21 months. Any grant of a continuance at this juncture would be grossly inappropriate.

## C. Darville's Motions to Defer Consideration of the Motion for Summary Judgment

Third, the Court will consider Darville's two motions under Rule 56(d) requesting that the Court defer consideration of Turner Industries' Motion for Summary Judgment in this action.[10] (Docs. 59, 66). Upon a properly supported Rule 56(d) motion by a party against whom a summary judgment motion has been filed, a court may elect to defer a decision on the pending summary judgment motion if the party filing the Rule 56(d) motion meets two requirements. *Agee*, 593 F. App'x at 313; *see* discussion *infra* Part II.B. First, the party must have diligently pursued the discovery. *Id.* Second, the party must have established for the Court a "plausible basis" that (1) specified facts, which can be collected within a reasonable time frame, probably exist, and (2) that these facts if produced, "will influence the outcome of the pending summary judgment motion." *Id.*

Neither of Darville's motions to defer consideration of Turner Industries' Motion for Summary Judgment fulfills these criteria. The first of these motions lacks the

---

[10] Both of Darville's motions with this request are styled "Motion for Continuance of Summary Judgement [sic] and Opposition to Summary Judgement [sic]." (Docs. 59, 66). Although neither motion specifically references Rule 56(d), the Court has ascertained that this is the most relevant authority governing Darville's motions.

affidavit or declaration required by the rule and is, therefore, deficient on its face.[11] *See Leza v. City of Laredo*, 496 F. App'x 375, 377–78 (5th Cir. 2012) (affirming the district court's decision to deny a Rule 56(d) motion as "procedurally defective" because it lacked the required affidavit) (unpublished, but persuasive). Darville's second motion for continuance attached the requisite affidavit (Doc. 66-1). In addition, Darville stated in the second motion that she would use the continuance to secure employment records from Turner Industries that would allow her "to show instances of employment discrimination." (*Id.* at p. 1). However, Darville provides no reasonable explanation regarding her failure to work diligently to obtain this information during the discovery process of the last 21 months. She offers only that she was a *pro se* plaintiff prior to December 2014, and that "all prior discovery was made by attorneys who [she] did not trust." (*Id.* at p. 1.) However, "the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Yazdchi*, 217 F. App'x at 304 (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991)). Further, "[t]hose who venture into federal court without the assistance of counsel cannot . . . be permitted to enjoy much or protracted advantage by reason of that circumstance." *Id.* (quoting *Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir. 1986)). In addition, Darville's decision to originally retain counsel who she later came to distrust does not justify reinventing the wheel. The Court finds that Darville's failure to diligently pursue discovery since the inception of this individual action weighs decisively against granting her second motion.

---

[11] Notwithstanding Darville's statement in her memorandum in support of this motion that "[s]he will files [sic] an affidavit to address the court requirement," no affidavit was ever filed in support of this motion. (Doc. 59-1 at p. 2).

15

**D.     Turner Industries' Motion for Summary Judgment**

Fourth, the Court will decide Turner Industries' Motion for Summary Judgment in this action. (Doc. 54). As previously noted, under Rule 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A district court may grant summary judgment, notwithstanding a Rule 56(d) motion, "[i]f it appears that further discovery will not provide evidence creating a genuine issue of material fact . . . ." *Sapp*, 406 F. App'x at 870 (quoting *Access Telecom, Inc.*, 197 F.3d at 720); *see* discussion *infra* Part II.C.

Darville has failed to establish a prima facie case of race discrimination. To establish a prima facie case of disparate treatment because of race under the *McDonnell Douglas* framework, a plaintiff must show that (1) she belongs to a protected class; (2) she was qualified for the position at issue; (3) she suffered an adverse employment action; and (4) she was treated less favorably than other similarly situated employees outside of her class. *Thompson v. City of Waco, Tex.*, 764 F.3d 500, 507 (5th Cir. 2014) (citing *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973)). Neither of Darville's opposition documents filed in response to Turner Industries' summary judgment motion in any way disputes Turner Industries' assertions that Darville does not set forth any evidence that she was treated less favorably than other similarly situated employees outside her class.[12] (Docs. 54-1 at

---

[12] Darville's documents filed in response to Turner Industries' summary judgment motion state that she is an African-American female; she was qualified for, applied for, and hired by Turner Industries as an electrician helper; and that she was "made to clean up the plant" instead of being allowed to fulfill the duties of an electrician helper. (Doc. 59 at ¶¶ 15–17; Doc. 66 at ¶¶ 15–17). Additionally, each document states, without support, that "[u]nder the McDonnel [sic] Douglas vs Green criteria she has

¶¶ 19–23, 26; Docs. 59, 66). The lack of dispute regarding this material fact renders Darville's race discrimination claim insufficient.

Turner Industries also argues that Darville failed to properly exhaust her administrative remedies regarding her sex discrimination claim. (Doc. 54-1 at ¶¶ 13–17). The Fifth Circuit has held that an employee claiming sex discrimination does not exhaust her administrative remedies on that claim if she fails to include a specific sex discrimination claim on her Equal Employment Opportunity Commission intake sheet. *Hague v. Univ. of Tex. Health Science Center at San Antonio*, 560 F. App'x 328, 331 (5th Cir. 2014) (unpublished, but persuasive). This case presents an analogous situation, in that Darville failed to mark "sex" as a cause of discrimination on her Charge of Discrimination form with the Louisiana Commission on Human Rights. (Doc. 54-5). Neither of Darville's opposition documents filed in response to Turner Industries' summary judgment motion in any way disputes, or even references, this material fact. As such, Darville's sex discrimination claim is also insufficient.

Accordingly,

**IT IS ORDERED** that the following motions are **DENIED**:

- Darville's **Motion to Set Aside Sanctions and to Seek Review by District Judge (28 USC s 636 (B) (1) (C) (B)) [sic] (Doc. 51)**;

- Darville's **Motion for Designation of Case as Complex Litigation (Doc. 57)**;

---

made out a prima facie case of racila [sic] and sexual discrimination." (Doc. 59 at ¶ 17; Doc 66 at ¶ 17). The documents refer to two exhibits: an affidavit by Darville and an excerpt from an unidentified deposition. (Doc. 59 at ¶ 15; Doc. 66 at ¶ 15). However, Darville's affidavit does not attest to any material facts, and the referenced deposition materials are not included with either filing.

- Darville's **Motion for Continuance of Summary Judgement** [sic] **and Opposition to Summary Judgement** [sic] (Doc. 59); and
- Darville's **Motion for Continuance of Summary Judgment and Opposition to Summary Judgement** [sic] (Doc. 66).

IT IS FURTHER ORDRED that Turner Industries' **Motion for Summary Judgment** (Doc. 54) is GRANTED.

IT IS FURTHER ORDERED that each party shall bear its own costs.

Baton Rouge, Louisiana, this ___14th___ day of May, 2015.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA